RECEIVED
FEB 23 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRAVIS DENORRIS ARNOLD, Plaintiff | CIVIL ACTION NO. 1:15-CV-1736 SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| MR. HUDDLESTON, ET AL., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Travis Denorris Arnold (#18706-058) filed the instant civil rights complaint *in forma pauperis* and pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>. Plaintiff is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. He names as defendants Kevin Joyce, Warden Carvajal, Mr. D. Huddleston, Mrs. Hewitt, and Mr. Washington.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

The complaint in this case is substantially the same as the complaint filed by Plaintiff in Docket No. 15-cv-1734. These two cases were filed by Plaintiff contemporaneously with nine other civil rights complaints. According to the complaint and exhibits in both the captioned matter and 15-cv-1736, Plaintiff was

assigned to the Food Service morning dining detail on January 2, 2013. (No. 15-cv-1736, Doc. 1, p. 23; No. 15-cv-1734, Doc. 1, p. 22). The following day, he was reassigned to office detail, requiring him to perform maintenance work around the kitchen. On May 14, 2013, Plaintiff was reassigned to morning dining detail "for not performing assigned duties as expected." (No. 15-cv-1736, Doc. 1, p. 23; No. 15-cv-1734, Doc. 1, p. 22). On May 24, 2013, Plaintiff submitted a request to the Assistant Food Service Administrator for a job assignment in the commissary. (No. 15-cv-1736, Doc. 1, p. 23; No. 15-cv-1734, Doc. 1, p. 22). Plaintiff was removed from the food service detail.

On January 15, 2014, Plaintiff was once again reassigned to the Food Service morning dining detail. Plaintiff informed Food Service staff that he did not want to work on the morning dining detail and wanted to return to the maintenance position. Plaintiff was informed that the maintenance position was no longer available. According to the prison officials, Plaintiff then quit his job. According to Plaintiff, he was fired. (No. 15-cv-1736, Doc. 1, p. 23; No. 15-cv-1734, Doc. 1, p. 22).

Through the administrative remedy process, Plaintiff complained that he was fired from his food service job due to his religious and political beliefs. (No. 15-cv-1736, Doc. 1, p. 23; No. 15-cv-1734, Doc. 1, p. 22).

### Law and Analysis

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §

2

1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

"Repetitious litigation of virtually identical causes of action is subject to dismissal ... as malicious." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam). A complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation. Segue v. Carollo, 2015 WL 2089759 (E.D. La. April 30, 2015), citing McGill v. Juanita Kraft Postal Serv., No. 3:03–CV–1113–K, 2003 WL 21355439, at * 1–2 (N.D. Tex. June 6, 2003)(Ramirez, M.J.), quoting Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989); Ellis v. American Express Life Ins. Co., 211 F.3d 935, 938 n.1 (5th Cir. 2000), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003) (Kinkeade, J.); accord Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993).

Additionally, an *in forma pauperis* prisoner's civil rights suit is malicious as a matter of law and is subject to dismissal where the suit raises claims that are duplicative of a prior suit filed by the same prisoner in federal court. See Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); 28 U.S.C. § 1915(e)(2). Because Plaintiff's

complaint and exhibits are duplicative, allowing it to proceed would be "redundant and an impermissible waste of judicial resources." Moore v. U.S. Marshals Service, 2010 WL 1978938, citing Mayfield v. Collins, 918 F.2d 560, 561-62 (5th Cir. 1990).

To the extent that Plaintiff attempts to add new, additional defendants in this case, his claim is malicious because it arises out of a common nucleus of operative facts that could have been brought in the prior litigation. See Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) (a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation); Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989) ("Res judicata bars all claims that were brought or could have been brought based on the operative factual nucleus.").

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being

4

served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 22nd day of February, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge